**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| PLASSEIN INTERNATIONAL CORP., *et al.*, | Case No. 03-11489 (KG) |
| Debtors. | (Jointly Administered) |
| WILLIAM A. BRANDT, as the Chapter 7 Trustee, | |
| Plaintiff, | |
| v. | Adv. Proc. No. 05-30165 (KG) |
| EXOPACK-ONTARIO, INC., f/k/a PORTSMOUTH ACQUISITION CO., PINE TREE INDEPENDENT SCHOOL DISTRICT, GREGG COUNTY, DAVIDSON COUNTY TAX DEPARTMENT, DALLAS COUNTY, and SAN BERNARDINO COUNTY, | Hearing Date: September 13, 2006 at 2:00 p.m. Objection Deadline: September 6, 2006 at 4:00 p.m. |
| Defendants. | |

## NOTICE OF TRUSTEE'S MOTION TO APPROVE
## SETTLEMENT AGREEMENT (EXOPACK)

**TO:**   **All Parties Identified on the Attached Service List.**

On August 18, 2006, William A. Brandt, Jr., as the duly elected chapter 7 trustee (the "Trustee" or "Plaintiff") in the bankruptcy cases of Plassein International Corporation and certain of its affiliated debtors ("Trustee") filed the attached **Trustee's Motion To Approve Settlement Agreement (Exopack)** (the "Motion").

Objections ("Objection") to the Motion, if any, must be filed with the Clerk of Court, United States Bankruptcy Court for the District of Delaware, 3rd  Floor, 824 Market Street, Wilmington, Delaware 19801, on or before **September 6, 2006 at 4:00 p.m. (Prevailing Eastern Time)**.

At the same time, a copy of the Objection must also be served upon the undersigned counsel for the Trustee.

DATE ___8/18/06_____

MAIN DOCKET # ___1533___

ADV DOCKET # _____20____

A HEARING ON THE MOTION, IF NECESSARY, WILL BE HELD ON **SEPTEMBER 13, 2006 AT 2:00 P.M.**, BEFORE THE HONORABLE KEVIN GROSS, UNITED STATES BANKRUPTCY JUDGE AT THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 MARKET STREET, 5TH FLOOR, WILMINGTON, DELAWARE.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF DEMANDED BY THE MOTION WITHOUT FURTHER NOTICE OR HEARING.

Dated:    August 18, 2006               MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                                        Eric D. Schwartz (No. 3134)
                                        Daniel B. Butz (No. 4227)
                                        1201 North Market Street
                                        Post Office Box 1347
                                        Wilmington, Delaware  19899-1347
                                        (302) 658-9200

                                        and

                                        Charles R. Bennett, Jr.
                                        Hanify & King
                                        Professional Corporation
                                        One Beacon Street
                                        Boston, MA  02108
                                        (617) 423-0400

                                        ATTORNEYS FOR WILLIAM A. BRANDT, JR.,
                                        AS CHAPTER 7 TRUSTEE OF PL
                                        LIQUIDATION CORP. AND ITS AFFILIATED
                                        DEBTORS

533373

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| PLASSEIN INTERNATIONAL CORP., *et al.*, | Case No. 03-11489 (KG) |
| Debtors. | (Jointly Administered) |
| WILLIAM A. BRANDT, as the Chapter 7 Trustee, | |
| Plaintiff, | |
| v. | Adv. Proc. No. 05-30165 (KG) |
| EXOPACK-ONTARIO, INC., f/k/a PORTSMOUTH ACQUISITION CO., PINE TREE INDEPENDENT SCHOOL DISTRICT, GREGG COUNTY, DAVIDSON COUNTY TAX DEPARTMENT, DALLAS COUNTY, and SAN BERNARDINO COUNTY, | **Hearing Date: September 13, 2006 at 2:00 p.m.** **Objection Deadline: September 6, 2006 at 4:00 p.m.** |
| Defendants. | |

## TRUSTEE'S MOTION TO APPROVE SETTLEMENT AGREEMENT (EXOPACK)

William A. Brandt, as Trustee (the "Trustee") of the Chapter 7 Estates of PL Liquidation Corp., f/k/a Plassein International Corp.; PL Liquidation of Martin, Inc., f/k/a Plassein International of Martin, Inc.; PL Liquidation of Ontario, LLC, f/k/a Plassein International of Ontario, LLC ("Ontario"); PL Liquidation of Salem, Inc., f/k/a Plassein International of Salem, Inc.; PL Liquidation of Spartanburg, Inc., f/k/a Plassein International of Spartanburg, Inc. ("Spartanburg"); PL Liquidation of Thomasville, Inc., f/k/a Plassein International of Thomasville, Inc. ("Thomasville"); and PL Liquidation of TFilms, Inc., f/k/a Teno Films, Incorporated, a wholly owned subsidiary of Thomasville ("T Films" and, collectively, hereinafter referred to as the "Debtors"), respectfully requests that this Honorable Court approve the Settlement Agreement (the "Agreement") filed herewith by and among the Trustee, Pine Tree

Independent School District, City of Longview, Texas, Gregg County, Texas, Davidson County, North Carolina, Dallas County, Texas, San Bernardino County, California (collectively the "Tax Claimants) and Exopack-Ontario, Inc., f/k/a Portsmouth Acquisition Co. ("Exopack").

### Introduction

Prior to the conversion of the cases, certain Debtors and an affiliated entity sold substantially all of their assets to Exopack. The Trustee commenced this adversary proceeding to compel Exopack to pay certain secured tax claims which the Trustee alleged that Exopack had assumed under the terms of the prior asset purchase agreement and a related settlement agreement. The Agreement resolves the claims asserted by the Trustee against Exopack and provides for the allowance and payment of the secured tax claims. Exopack shall pay to the Trustee the sum of $475,000, which amount is adequate to pay all secured tax claims at issue.

The Trustee has considered various factors in evaluating the reasonableness of the compromise, including but not limited to the probability of success in litigation, the complexity of the litigation, the costs and expenses of continued litigation and the benefits which the compromise will afford creditors. The Trustee has determined, in his business judgment, that the benefits of the settlement outweigh the benefits that might be achieved from continued litigation. The Agreement: (i) provides the bankruptcy estates with a recovery of substantially all of the amounts in dispute while minimizing the costs and delays associated with litigation; (ii) resolves disputes concerning the amount of the Tax Claims and provides for a reduction of accrued interest and waiver of penalties; and (iii) makes available for the Estates substantially all of the approximately $800,000 previously placed in reserve to satisfy the potential liability for the Tax Claims.

In further support of this motion, the Trustee states as follows:

## Background

1.    On May 14, 2003, each of the Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Code"). From the petition date through October 24, 2003, the Debtors remained in possession of their property and acted as debtors-in-possession pursuant to Sections 1107 and 1108 of the Code.

2.    On or about July 29, 2003, Exopack entered into a certain Asset Purchase Agreement ("APA") with Thomasville, Ontario, Spartanburg and T Films (collectively the "Sellers") to acquire the assets of those Sellers.

3.    On September 29, 2003, this Court entered an Order authorizing and approving the Sellers to proceed with the APA and to sell and convey certain assets to Exopack in accordance with the APA (the "Sale Order"). (Docket No. 641) On September 30, 2003, in accordance with the Sale Order and the APA, the Sellers and Exopack closed the transaction as contemplated thereby.

4.    On October 24, 2003, the Debtors' cases were converted to cases under Chapter 7 of the Code, and, thereafter, the Trustee was elected and subsequently appointed as permanent Trustee of all the Debtors.

5.    Following the closing on the transaction, certain disputes arose among Exopack and the Debtors, including the Sellers, and Fleet Capital Corporation ("Fleet") (to whom the proceeds of the sale had been paid) with respect to adjustments due to Exopack under the APA. Further, Exopack asserted various claims and breaches of the APA. As a result of those asserted breaches and disputes and claims, Exopack sought to recover the holdback funds of $1,500,000 and asserted additional claims aggregating in excess of $11,000,000 against the Sellers.

6.    On or about May 28, 2004, the Trustee, Exopack, and the Debtors, including the Sellers, and Fleet agreed to settle their various claims, disputes and controversies (the "First Agreement"). On June 15, 2004, the Trustee filed a Motion to Approve the Settlement Agreement, pursuant to Rule 9019 of the Code, which was approved by order dated July 14, 2004. (Docket No. 1008 and Docket No. 1021, the Settlement Agreement being Exhibit A to the Motion)

7.    Pursuant to the terms of the First Agreement, among other provisions, (i) the holdback amount was paid to Exopack; (ii) a tax escrow in the amount of $80,000 previously established to pay potential claims asserted by San Bernardino County was to be released to the Sellers, to be turned over to Fleet; (iii) Exopack assumed responsibility for the Tax Claims, including the San Bernardino claim, up to the amount of the formerly escrowed funds; and (iv) the parties exchanged mutual limited releases pertaining to the disputes forming the basis of the litigation.

8.    On or about February 20, 2004, Pine Tree Independent School District, City of Longview, Texas, and Gregg County, Texas (collectively, "Pine Tree"), filed suit against Exopack in County Court in Texas to foreclose on tax liens against property acquired from the Sellers.

9.    On or about August 2, 2004, Exopack brought a Motion to Enforce Amended Order (a) Approving Sale of Certain Assets of Debtor Free and Clear of Interests, Liens, Claims and Encumbrances Pursuant to 11 U.S.C. § 363, (b) Authorizing the Assumption and Assignment of Certain Unexpired Leases and Executory Contracts, and (c) Granting Related Relief (the "Motion to Enforce"). (Docket No. 1028) By its motion, Exopack requested this Court to enter an order enforcing the Sale Order, compelling Pine Tree to dismiss Exopack from

4

the litigation commenced in Texas state court, and ordering the withdrawal of the notice of tax lien filed by Pine Tree.

10.    Fleet and the Trustee opposed the Motion to Enforce.  (Docket No. 1030 and Docket No. 1045)  The oppositions relied upon the terms of the First Agreement which released to Exopack $1,500,000 from the holdback, in consideration for Exopack's agreement to assume responsibility for the payment of, among other claims, the tax claims asserted in the Texas litigation.

11.    On September 29, 2004, after notice and hearing, this Court entered an Order and Memorandum denying the Motion to Enforce.  (Docket No. 1056 and Docket No. 1055) (the "Enforcement Order")  Exopack appealed the denial of the Motion to Enforce to the United States District Court, which appeal remains pending (the "Exopack Appeal").  The denial of the Motion to Enforce has not been stayed.

12.    Subsequent to the denial of the Motion to Enforce, the claims of the following entities remained unpaid: Pine Tree Independent School District, Gregg County, Davidson County, Dallas County, and San Bernardino County (the "Tax Claimants").  The Trustee alleged that Exopack was responsible for immediate payment of the Tax Claims.  Exopack disputed this contention.

13.    The Tax Claimants have asserted the following proofs of claim against the Debtors:

(i)    Pine Tree Independent School District filed a secured claim (No. 307) in the amount of $157,930.20, plus interest, costs and penalties, dated April 28, 2004;

(ii)     Gregg County, Texas filed a secured claim (No. 275) in the amount of $69,533.05, plus interest, costs and penalties, dated March 4, 2004;

(iii)    Davidson County, Texas filed a secured claim (No. 138) in the amount of $98,366.11, dated September 11, 2003, which amount was subsequently amended to $88,286.95 by an amended claim dated January 23, 2006;

(iv)     Dallas County, Texas filed a secured claim (No. 363) in the amount of $14,217.46, plus interest, costs and penalties, dated February 24, 2004; and

(v)      San Bernardino County, California filed a secured claim (No. 466) in the amount of $83,712.39, plus interest, dated March 3, 2004.

(collectively, "Tax Claims")

14.     The amounts asserted in the proofs of claim total $413,680.05. Upon information and belief, the amount now allegedly owing to the Tax Claimants on account of accrued interest and penalties is approximately $565,000. The Trustee has not acknowledged the validity, amount, or priority of any of the Tax Claims.

15.     After the execution of the First Agreement with Exopack, the Trustee reached a settlement with a group of the Debtor's pre- and post-petition lenders led by Fleet (the "Fleet Settlement"). On March 22, 2005, the Court approved the settlement and authorized the Trustee to consummate the settlement with Fleet. (Docket No. 1132) As a result of objections raised by, among others, Pine Tree and San Bernardino County, the Trustee was obligated, pursuant to the Order approving the settlement with Fleet, to set aside the sum of $350,000 as additional security for the payment of taxes to Pine Tree and San Bernardino County. The Trustee has also reserved an additional sum of $450,000 from general estate funds to pay any allowed Tax Claims.

6

16.     On November 17, 2005, William A. Brandt, Trustee of the Chapter 7 Estate of PL Liquidation Corporation, et al., commenced an adversary proceeding by filing a "Complaint to Enforce Settlement Agreement," naming as defendants, Exopack and the Tax Claimants. (Adversary Proceeding No. 05-30165) (the "Adversary Proceeding") The Complaint sought the following relief:

(i)        a declaration that Exopack is obligated to pay the taxes due to the Tax Claimants (Count I);

(ii)       a declaration of the amounts due to each Tax Claimant (Count II); and

(iii)      a judgment that Exopack breached the First Agreement with the Trustee for failure to pay tax obligations owing to the Tax Claimants (Count III).

17.     The parties have engaged in good faith negotiations respecting the extent of Exopack's obligations to pay the Tax Claims, including mediation conducted in connection with Exopack's appeal of the denial of its Motion to Enforce.

18.     As a result of the good faith negotiations and in order to minimize further accrual of costs and attendant delays, the Trustee and Exopack have entered into a Settlement Agreement to resolve the matters in controversy among the Trustee, the Tax Claimants and Exopack set forth in the Complaint, the Motion to Enforce, the Enforcement Order, the State Court Tax Lawsuit, the Tax Claims and the Exopack Appeal.[1]

### Settlement

19.     Upon entry of the Final Order:

(i)        Exopack shall pay to the Estate the Settlement Amount of $475,000.00 ("Settlement Amount");

---

[1] All capitalized words shall have the meaning given to them in the Settlement Agreement.

(ii)    upon receipt of the Settlement Amount in full and complete satisfaction of the Tax Claims, the Trustee shall forthwith pay the Tax Claimants as follows:

> Pine Tree Independent
> School District ..............................$198,992.05
>
> Gregg County, Texas ....................$87,611.64
>
> Davidson County ..........................$88,286.95
>
> Dallas County ...............................$17,914.00
>
> San Bernardino County ................$93,757.87

(iii)    Furthermore, upon receipt and application of these payments, all of the Tax Claimants shall remove any remaining balances pertaining to the Tax Claims from their delinquent tax rolls.

(iv)    Upon receipt of the Settlement Amount, the Trustee, on behalf of himself, the Debtors, the Debtors' estates, and the Sellers (the "Trustee Parties") and on behalf of his predecessors, assigns, assignors, and successors, shall be deemed to have released and forever discharged Exopack of and from all debts, demands, actions, causes of action, suits, accounts, covenants, contracts, agreements, damages, and any and all claims, demands and liabilities whatsoever of every name and nature, both in law and in equity, which the Trustee Parties now have or ever had against Exopack.

(v)    the Trustee shall also dismiss with prejudice the Adversary Proceeding;

(vi)    Upon the payment of the Tax Claims, the Tax Claimants shall be deemed to have released and discharged Exopack of and from all debts, demands, actions, causes of action, suits, accounts, covenants, contracts, agreements,

damages, and any and all claims, demands and liabilities whatsoever of every name and nature, both in law and in equity, which the Tax Claimants now have or ever had against Exopack on the Tax Claims, any taxes assessed prior to the closing Date and any other claims asserted in the State Court Tax Lawsuit and the Complaint. Further, Pine Tree shall dismiss with prejudice the State Court Tax Lawsuit. Nothing herein shall release, discharge or affect any other claim that the Tax Claimants may have against Exopack. All Parties hereto agree the release given herein is a limited release and discharge limited solely and exclusively to the Tax Claims, any taxes assessed prior to the Closing Date and any other claims asserted in the State Court Tax Lawsuit and the Complaint.

(vii)    Effective upon the entry of the Final Order, Exopack, on behalf of its predecessors, assigns, assignors, and successors, shall be deemed to have released and forever discharged the Trustee Parties of and from all debts, demands, actions, causes of action, suits, accounts, covenants, contracts, agreements, damages, and any and all claims, demands and liabilities whatsoever of every name and nature, both in law and in equity, which Exopack now has or ever had against the Trustee Parties, excluding the obligations of the Trustee Parties under this Agreement;

(viii)    Effective on the entry of the Final Order, Exopack shall be deemed to have released and discharged the Tax Claimants of and from all debts, demands, actions, causes of action, suits, accounts, covenants, contracts, agreements, damages, and any and all claims, demands and liabilities

9

whatsoever of every name and nature, both in law and in equity, which Exopack now have or ever had against the Tax Claimants on the Tax Claims, any taxes assessed prior to the Closing Date and any other claims asserted in the State Court Tax Lawsuit and the Complaint. Nothing herein shall release, discharge or affect any other claim that Exopack may have against the Tax Claimants. All Parties hereto agree the release given herein is a limited release and discharge limited solely and exclusively to the Tax Claims, any taxes assessed prior to the Closing Date and any other claims asserted in the State Court Tax Lawsuit and the Complaint.

(ix)    the entry of an order approving the Settlement Agreement and upon payment of the Settlement Amount, the Enforcement Order shall be deemed vacated and Exopack shall dismiss with prejudice its appeal of the Enforcement Order.

### Standards For Approval Of Compromise

19.    Bankruptcy Rule 9019(a) provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." FED. R. BANKR. P. 9019(a). In order for a court to approve a proposed settlement, the court must find that it is fair, reasonable, and in the best interests of the debtor's estate. See Myers v. Martin (In re Martin), 91 F.3d 389, 394 (3d Cir. 1996); In re Marvel Net's Group, Inc., 222 B.R. 243, 249 (D. Del. 1998); In re Louise's Inc., 211 B.R. 798, 801 (D. Del. 1997).

20.    This standard has been further articulated as follows:

In undertaking an examination of the settlement, we emphasize that this responsibility of the bankruptcy judge . . . is not to decide the numerous questions of law and fact raised . . . but rather to

10

canvass the issues and see whether the settlement "fall[s] below the lowest point in the range of reasonableness."

Cosoff v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2d Cir. 1983), cert. denied, 464 U.S. 822 (1983) (quoting Newman v. Stein, 464 F.2d 689, 693 (2d Cir. 1973)).

21.    In determining whether a settlement is in the best interests of a debtor's estate, bankruptcy courts will inquire whether the value of the settlement outweighs the value of the claim by considering the following five factors: (1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation; (4) the expense, inconvenience and delay attending the litigation; and (5) the paramount interests of the creditors. See Martin, 91 F.3d at 393; accord In re Mailman Steam Carpet Cleaning Corp., 212 F.3d 632, 635 (1st Cir. 2000).

22.    In addition, this Court has the authority to approve the settlements pursuant to Bankruptcy Code section 105(a).  That section provides that "the court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." Section 105(a) assures "the bankruptcy courts' power to take whatever action is appropriate and necessary in aid of the exercise of their jurisdiction." 2 Collier on Bankruptcy ¶ 105.01 at 105-35 (15th rev. ed. 1997); see also Mgmt. Tech. Corp. v. Pardo, 56 B.R. 337, 339 (Bankr. D.N.J. 1985) (holding that bankruptcy court's inherent equitable power derived from section 105).

23.    The proposed settlement between the Trustee and the Exopack fairly balances the value of the claims being compromised against the value to the estates of the acceptance of the compromise proposal.  It is well within the bounds of this Court's discretion to approve the proposed settlement.

24.    The Agreement provides the estate with a cash payment of $475,000, which is an amount greater than the aggregate amount of all proofs of claim filed by the Tax Claimants and a

substantial portion of amounts claimed after the potential accrual of interest and penalties. The payment is recovered without additional litigation and its attendant costs and delays. The Trustee has also reserved the right to file objections to reduce or expunge some or all of the Tax Claims. The payment will enable the Trustee to release from reserve substantially all of approximately $800,000 in funds previously set aside for payment of Tax Claims, thereby substantially increasing funds available for distribution to creditors.

Wherefore, the Trustee prays that this Court:

1.    Enter an order in the form attached hereto approving the Agreement; and

2    Grant such other relief as is just and proper.

Dated:    August 18, 2006                    MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                                            Eric D. Schwartz (No. 3134)
                                            Daniel B. Butz (No. 4227)
                                            1201 North Market Street
                                            Post Office Box 1347
                                            Wilmington, Delaware  19899-1347
                                            (302) 658-9200

                                            and

                                            Charles R. Bennett, Jr.
                                            Hanify & King
                                            Professional Corporation
                                            One Beacon Street
                                            Boston, MA  02108
                                            (617) 423-0400

                                            ATTORNEYS FOR WILLIAM A. BRANDT, JR.,
                                            AS CHAPTER 7 TRUSTEE OF PL
                                            LIQUIDATION CORP. AND ITS AFFILIATED
                                            DEBTORS

533373

12

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | Chapter 7 |
| PL LIQUIDATION CORP., et al., f/k/a PLASSEIN INTERNATIONAL CORP., et. al., | Case No. 03-11489 (KG) |
| Debtors. |  |
| WILLIAM A. BRANDT, TRUSTEE OF THE CHAPTER 7 ESTATE OF PL LIQUIDATION CORP., et al., | Adversary Proceeding No. 05-30165 (KG) |
| Plaintiffs, |  |
| v. |  |
| EXOPACK-ONTARIO, INC., f/k/a PORTSMOUTH ACQUISITION CO., PINE TREE INDEPENDENT SCHOOL DISTRICT, GREGG COUNTY, DAVIDSON COUNTY TAX DEPARTMENT, DALLAS COUNTY, and SAN BERNARDINO COUNTY, |  |
| Defendants. |  |

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into this 17th day of August, 2006 by and among William A. Brandt, as Trustee (the "Trustee") of the Chapter 7 Estates of PL Liquidation Corp., f/k/a Plassein International Corp.; PL Liquidation of Martin, Inc., f/k/a Plassein International of Martin, Inc.; PL Liquidation of Ontario, LLC, f/k/a Plassein International of Ontario, LLC ("Ontario"); PL Liquidation of Salem, Inc., f/k/a Plassein International of Salem, Inc.; PL Liquidation of Spartanburg, Inc., f/k/a Plassein International of

Spartanburg, Inc. ("Spartanburg"); PL Liquidation of Thomasville, Inc., f/k/a Plassein International of Thomasville, Inc. ("Thomasville"); and PL Liquidation of TFilms, Inc., f/k/a Teno Films, Incorporated ("T Films"), a wholly owned subsidiary of Thomasville (collectively, hereinafter referred to as the "Debtors"), Pine Tree Independent School District, City of Longview, Texas, Gregg County, Texas, Davidson County, North Carolina, Dallas County, Texas, San Bernardino County, California (collectively the "Tax Claimants"), and Exopack-Ontario, Inc., f/k/a Portsmouth Acquisition Co. ("Exopack"). The Trustee, the Tax Claimants and Exopack are collectively referred to as the "Parties." This Agreement resolves the matters in controversy among the Trustee, the Tax Claimants and Exopack set forth in the Complaint, the Motion to Enforce, the Enforcement Order, the State Court Tax Lawsuit, the Tax Claims and the Exopack Appeal (all as defined below).

RECITALS

1.    On May 14, 2003, each of the Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). From the petition date through October 24, 2003, the Debtors remained in possession of their property and acted as debtors-in-possession pursuant to Sections 1107 and 1108 of the Code.

2.    On or about July 29, 2003, Exopack entered into a certain Asset Purchase Agreement ("APA") with Thomasville, Ontario, Spartanburg, and T Films (collectively the "Sellers") to acquire the assets of those Sellers.

3.    On September 29, 2003, this Court entered an Order authorizing and approving the Sellers to proceed with the APA and to sell and convey certain assets to Exopack in accordance with the APA (the "Sale Order"). (Docket No. 641) On September 30, 2003 (the

"Closing Date"), in accordance with the Sale Order and the APA, the Sellers and Exopack closed the transaction as contemplated thereby.

4.    On October 24, 2003, the Debtors' cases were converted to cases under Chapter 7 of the Code, and, thereafter, the Trustee was elected and subsequently appointed as permanent Trustee of all the Debtors.

5.    Following the closing on the transaction, certain disputes arose among Exopack and the Debtors, including the Sellers, and Fleet Capital Corporation ("Fleet") (to whom the proceeds of the sale had been paid) with respect to adjustments due to Exopack under the APA. Further, Exopack asserted various claims and breaches of the APA. As a result of those asserted breaches and disputes and claims, Exopack sought to recover the holdback funds of $1,500,000 and asserted additional claims aggregating in excess of $11,000,000 against the Sellers.

6.    On or about May 28, 2004, the Trustee, Exopack, and the Debtors, including the Sellers, and Fleet agreed to settle their various claims, disputes and controversies (the "First Agreement"). On June 15, 2004, the Trustee filed a Motion to Approve the Settlement Agreement, pursuant to Rule 9019 of the Code, which was approved by order dated July 14, 2004. (Docket No. 1008 and Docket No. 1021)

7.    On or about February 20, 2004, Pine Tree Independent School District, City of Longview, Texas, and Gregg County, Texas (collectively, "Pine Tree,"), filed suit against Exopack in County Court in Texas to foreclose on tax liens against property acquired from the Sellers (the "State Court Tax Lawsuit").

8.    On or about August 2, 2004, Exopack brought a Motion to "Enforce Amended Order (a) Approving Sale of Certain Assets of Debtor Free and Clear of Interests, Liens, Claims and Encumbrances Pursuant to 11 U.S.C. § 363, (b) Authorizing the Assumption and

#456234

Assignment of Certain Unexpired Leases and Executory Contracts, and (c) Granting Related Relief" (the "Motion to Enforce"). (Docket No. 1028) By its motion, Exopack requested the Bankruptcy Court to enter an order enforcing the Sale Order, compelling Pine Tree to dismiss Exopack from the State Court Tax Lawsuit, and ordering the withdrawal of the notice of tax lien filed by Pine Tree.

9.    Fleet and the Trustee opposed the Motion to Enforce. (Docket No. 1030 and Docket No. 1045) The oppositions asserted, among other bases, that pursuant to the terms of the First Agreement and the release to Exopack of $1,500,000 from the holdback, Exopack was liable for, and assumed responsibility for the payment of, among other claims, the prior existing tax claims asserted in the State Court Tax Lawsuit.

10.    On September 29, 2004, after notice and hearing, this Court entered an Order and Memorandum denying the Motion to Enforce (the "Enforcement Order"). (Docket No. 1056 and Docket No. 1055) Exopack appealed the denial of the Motion to Enforce to the United States District Court, which appeal remains pending (the "Exopack Appeal"). The denial of the Motion to Enforce has not been stayed.

11.    The following governmental authorities have filed proofs of claim against the Debtors:

    (i)    Pine Tree Independent School District filed a secured claim (No. 307) in the amount of $157,930.20 plus accrued and accruing interest and penalties, dated April 28, 2004;

    (ii)    Gregg County, Texas filed a secured claim (No. 275) in the amount of $69,533.05 plus accrued and accruing interest and penalties, dated March 4, 2004;

(iii)    Davidson County, North Carolina filed a secured claim (No. 138) in the amount of $98,366.11, dated September 11, 2003, which amount was subsequently amended to $88,286.95 by an amended claim dated January 23, 2006;

(iv)    Dallas County, Texas filed a secured claim (No. 363) in the amount of $14,217.46 plus accrued and accruing interest and penalties, dated February 24, 2004; and

(v)    San Bernardino County, California filed a secured claim (No. 466) in the amount of $83,712.39 plus accrued and accruing interest, dated March 3, 2004.

(Collectively "Tax Claims")

13.    The amount of Tax Claims asserted in the proofs of claim total $413,680.05. Upon information and belief, the amount now allegedly owing to the Tax Claimants on account of accrued interest and penalties totals not less than $565,000. The Trustee and Exopack have not acknowledged the validity, amount, or priority of any of the Tax Claims.

14.    Pursuant to the APA and the Sale Order, the sum of approximately $80,000 was placed in escrow with the law firm of Cohn, Khoury, Madoff & Whitesell, now Cohn Whitesell & Goldberg,, the Debtor's Chapter 11 counsel. That escrow was established specifically for the payment of taxes, if any, due to San Bernardino County. The Trustee has alleged that Exopack was obligated to the County of San Bernardino for any taxes owing up to the amount of the tax escrow ("San Bernardino Escrow") pursuant to the terms of the First Agreement.

15.    After the execution of the First Agreement with Exopack, the Trustee reached a settlement with the Debtor's pre- and post-petition lenders led by Fleet (the "Fleet Settlement").

On March 22, 2005, the Court approved the settlement and authorized the Trustee to consummate the settlement with Fleet. (Docket No. 1132) As a result of objections raised by, among others, Pine Tree and San Bernardino County, the Trustee was obligated, pursuant to the Order approving the settlement with Fleet, to set aside the sum of $350,000 as additional security for the payment of Tax Claims of Tax Claimants.

16.     On November 17, 2005, William A. Brandt, Trustee of the Chapter 7 Estate of PL Liquidation Corporation, et al., commenced an adversary proceeding by filing a "Complaint to Enforce Settlement Agreement" (the "Complaint") naming as defendants, Exopack and the Tax Claimants. (Adversary Proceeding 05-30165(KG)) The Complaint sought the following relief:

(i)          a declaration that Exopack is obligated to pay the taxes due to the Tax Claimants (Count I);

(ii)         a declaration of the amounts due to each Tax Claimant (Count II); and

(iii)        a judgment that Exopack breached the First Agreement with the Trustee for failure to pay taxes to the Tax Claimants (Count III).

17.     The parties have engaged in discovery and litigation respecting the extent of Exopack's obligations to pay the Tax Claims and the jurisdiction of this Court to resolve this dispute.

18.     After lengthy negotiations including settlement discussions conducted under the mediation required in connection with the Exopack Appeal and to minimize the further accrual of costs and attendant delays, the Trustee, the Tax Claimants and Exopack have entered into this Agreement to resolve the matters forming the basis of the Complaint, the Motion to Enforce, the Enforcement Order, the Tax Claims and the Exopack Appeal.

## Settlement

A.    Upon the execution of this Agreement, the Trustee shall file pleadings necessary to obtain the Bankruptcy Court's approval of this Agreement.

B.    Upon entry of a final order approving this Agreement by the Bankruptcy Court:

(i)    Exopack shall forthwith pay to the Trustee $475,000 (the "Settlement Amount").

(ii)    Within five (5) days of receipt of the Settlement Amount in full and complete satisfaction of the Tax Claims, the Trustee shall pay the Tax Claimants as follows:

Pine Tree Independent
School District .....................................$198,992.05

Gregg County, Texas ........................$87,611.64

Davidson County ..............................$88,286.95

Dallas County ...................................$17,914.00

San Bernardino ................................ $93,757.87

(iii)    Furthermore, upon receipt and application of these payments, all of the Tax Claimants shall remove any remaining balances pertaining to the Tax Claims from their delinquent tax rolls.

(iv)    Upon receipt of the Settlement Amount, the Trustee (on behalf of himself, the Debtors, the Debtors' estates, and the Sellers (collectively, the "Trustee Parties")) on behalf of themselves and on behalf of their respective predecessors, assigns, assignors, and successors, shall be deemed to have released and discharged Exopack of and from all debts, demands, actions, causes of action, suits, accounts, covenants, contracts,

agreements, damages, and any and all claims, demands and liabilities whatsoever of every name and nature, both in law and in equity, which the Tax Claimants or Trustee Parties now have or ever had against Exopack except for Exopack's obligations under the Settlement Agreement.

(v)     Upon the payment of the Tax Claims, the Tax Claimants shall be deemed to have released and discharged Exopack of and from all debts, demands, actions, causes of action, suits, accounts, covenants, contracts, agreements, damages, and any and all claims, demands and liabilities whatsoever of every name and nature, both in law and in equity, which the Tax Claimants now have or ever had against Exopack on the Tax Claims, any taxes assessed prior to the Closing Date and any other claims asserted in the State Court Tax Lawsuit and the Complaint. Further, Pine Tree shall dismiss with prejudice the State Court Tax Lawsuit. Nothing herein shall release, discharge or affect any other claim that the Tax Claimants may have against Exopack. All Parties hereto agree the release given in this subparagraph B(v) is a limited release and discharge limited solely and exclusively to the Tax Claims, any taxes assessed prior to the Closing Date and any other claims asserted in the State Court Tax Lawsuit and the Complaint.

(vi)    The Trustee shall dismiss with prejudice the Adversary Proceeding.

(vii)   The order approving this Agreement shall provide that effective upon receipt by the Estate of the Settlement Amount, the Enforcement Order

shall be deemed vacated and the Trustee and Exopack shall then dismiss with prejudice the Exopack Appeal.

(viii) Effective on the entry of the Final Order, Exopack, on behalf of itself and its predecessors, assigns, assignors, and successors, hereby remises, releases and forever discharges the Trustee Parties of and from all debts, demands, actions, causes of action, suits, accounts, covenants, contracts, agreements, damages, and any and all claims, demands and liabilities whatsoever of every name and nature, both in law and in equity, which Exopack now has or ever had against the Trustee Parties, excluding the obligations of the Trustee Parties under this Agreement.

(ix) Effective on the entry of the Final Order, Exopack shall be deemed to have released and discharged the Tax Claimants of and from all debts, demands, actions, causes of action, suits, accounts, covenants, contracts, agreements, damages, and any and all claims, demands and liabilities whatsoever of every name and nature, both in law and in equity, which Exopack now have or ever had against the Tax Claimants on the Tax Claims, any taxes assessed prior to the Closing Date and any other claims asserted in the State Court Tax Lawsuit and the Complaint. Nothing herein shall release, discharge or affect any other claim that Exopack may have against the Tax Claimants. All Parties hereto agree the release given in this subparagraph B(ix) is a limited release and discharge limited solely and exclusively to the Tax Claims, any taxes assessed prior to the Closing

Date and any other claims asserted in the State Court Tax Lawsuit and the

Complaint.

C.    This Agreement shall be binding upon and inure to the benefit of the Parties, their

successors and assigns.

D.    This Agreement shall be governed by and construed in accordance with the

substantive law of the State of Delaware, and shall have the force and effect of an instrument

executed and delivered under seal under the law of the State of Delaware.

E.    This Agreement may be executed in counterparts, each of which shall be deemed

to be an original, and all such counterparts together shall constitute one and the same instrument.

This Agreement may be executed by facsimile.

F.    This effectiveness of this Agreement is expressly subject to approval of the

Bankruptcy Court. The Bankruptcy Court shall retain jurisdiction to resolve any dispute arising

under or in connection with this Agreement.

[SIGNATURE PAGES FOLLOW]

Respectfully submitted,

WILLIAM A. BRANDT, TRUSTEE OF
THE CHAPTER 7 ESTATES OF PL
LIQUIDATION CORP, ET AL.

By his counsel,

Eric D. Schwartz (No. 3134)
Daniel B. Butz (No. 4227)
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
　　- and -

Charles R. Bennett, Jr.
Hanify & King
Professional Corporation
One Beacon Street
Boston, MA 02108
(617) 423-0400


EXOPACK-ONTARIO, INC.,
F/k/a PORTSMOUTH ACQUISITION CO.,

By its counsel:

John H. Knight (DE Bar No. 3848)
Richards, Layton, & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700

　　- and -

#456234

-11-

William A. Wood, III
State Bar No. 11768600
Bracewell & Giuliani, LLP
711 Louisiana Street, Suite 2300
Houston, TX 77002-2770
(713) 221-1166


PINE TREE INDEPENDENT SCHOOL
DISTRICT

By its counsel,

_____
Michael Reed
McCreary, Veselka, Bragg & Allen 5929
Balcones Drive, Suite 200
P.O. Drawer 26990
Austin, TX 78731-0990
(512) 451-0990


GREGG COUNTY, DALLAS COUNTY,
AND CITY OF LONGVIEW

By their counsel,

H. Elizabeth Weller
Linebarger Goggan Blair & Sampson, LLP
2323 Bryan Street, #1600
Dallas, TX 75201
(469) 221-5075


SAN BERNARDINO COUNTY

By its counsel,

_____
Martha E. Romero
Romero Law Firm
6516 Bright Avenue
Whitier, CA 90601
(562) 907-6800

#456234

-12-

William A. Wood, III
State Bar No. 11768600
Bracewell & Giuliani, LLP
711 Louisiana Street, Suite 2300
Houston, TX 77002-2770
(713) 221-1166

PINE TREE INDEPENDENT SCHOOL
DISTRICT

By its counsel,

Michael Reed
McCreary, Veselka, Bragg & Allen 5929
Balcones Drive, Suite 200
P.O. Drawer 26990
Austin, TX 78731-0990
(512) 451-0990

GREGG COUNTY, DALLAS COUNTY,
AND CITY OF LONGVIEW

By their counsel,

H. Elizabeth Weller
Linebarger Goggan Blair & Sampson, LLP
2323 Bryan Street, #1600
Dallas, TX 75201
(469) 221-5075

SAN BERNARDINO COUNTY

By its counsel,

Martha E. Romero
Romero Law Firm
6516 Bright Avenue
Whitier, CA 90601
(562) 907-6800

#456234

-12-

William A. Wood, III
State Bar No. 11768600
Bracewell & Giuliani, LLP
711 Louisiana Street, Suite 2300
Houston, TX 77002-2770
(713) 221-1166


PINE TREE INDEPENDENT SCHOOL
DISTRICT

By its counsel,


_____

Michael Reed
McCreary, Veselka, Bragg & Allen 5929
Balcones Drive, Suite 200
P.O. Drawer 26990
Austin, TX 78731-0990
(512) 451-0990


GREGG COUNTY, DALLAS COUNTY,
AND CITY OF LONGVIEW

By their counsel,


_____

H. Elizabeth Weller
Linebarger Goggan Blair & Sampson, LLP
2323 Bryan Street, #1600
Dallas, TX 75201
(469) 221-5075


SAN BERNARDINO COUNTY

By its counsel,

_____

Martha E. Romero
Romero Law Firm
6516 Bright Avenue
Whitier, CA 90601
(562) 907-6800

#456234

-12-

- and -

Theodore J. Tacconelli
Ferry Joseph & Pearce, PA
824 Market Street
Wilmington, DE 19899
(302) 575-1555


DAVIDSON COUNTY TAX
DEPARTMENT

By its counsel,

*Robert C. Hedrick*

Robert C. Hedrick *Per Donna Cook*
Davidson County Attorney
Post Office Box 1067
Lexington, NC 27293-1067
(336) 236-3084

#456234

-13-

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| PLASSEIN INTERNATIONAL CORP., *et al.*, | Case No. 03-11489 (KG) |
| Debtors. | (Jointly Administered) |
| WILLIAM A. BRANDT, as the Chapter 7 Trustee, | |
| Plaintiff, | |
| v. | Adv. Proc. No. 05-30165 (KG) |
| EXOPACK-ONTARIO, INC., f/k/a PORTSMOUTH ACQUISITION CO., PINE TREE INDEPENDENT SCHOOL DISTRICT, GREGG COUNTY, DAVIDSON COUNTY TAX DEPARTMENT, DALLAS COUNTY, and SAN BERNARDINO COUNTY, | Re: D.I. _____ |
| Defendants. | |

## ORDER ON TRUSTEE'S MOTION TO APPROVE
## SETTLEMENT AGREEMENT (EXOPACK)

This matter having come before the Court upon the motion by William A. Brandt, as he is

the acting Trustee (the "Trustee") of the Chapter 7 Estates of Plassein International Corp. and its

wholly owned domestic subsidiaries, for authority to enter into a certain Settlement Agreement

by and among the Trustee, Pine Tree Independent School District, City of Longview, Texas,

Gregg County, Texas, Davidson County, North Carolina, Dallas County, Texas, San Bernardino

County, California (collectively the "Tax Claimants) and Exopack-Ontario, Inc., f/k/a

Portsmouth Acquisition Co. ("Exopack"), due notice having been given and after notice and

hearing, it is hereby ORDERED, ADJUDGED and DECREED that:

1.    The Settlement Agreement[2] is in the best interests of the Estates and is fair and equitable, having taken into consideration the probability of the Trustee's success in the litigation, the complexity of the litigation and the expense, inconvenience and delays which would be attendant to litigating the claims against Exopack, and considering the business judgment of the Trustee.

2.    Accordingly, the Trustee is hereby authorized to proceed to consummate the Settlement Agreement with Exopack, including the execution of all documents and escrow of all funds necessary to effectuate same.

3.    Exopack shall forthwith pay to the Trustee the sum of $475,000 (the "Settlement Amount").

4.    Upon receipt of the Settlement Amount and in full and complete satisfaction of the Tax Claims (as defined in the Settlement Agreement), the Trustee shall forthwith pay to the Tax Claimants as follows:

    (a)   Pine Tree Independent School
          District, Texas ................................$198,992.05

    (b)   Gregg County, Texas .........................$87,611.64

    (c)   Dallas County, Texas ........................$17,914.00

    (d)   Davidson County, North Carolina ..............$88,286.95

    (e)   San Bernardino County, California ..........$93,757.87

5.    Furthermore, upon receipt and application of these payments, all of the Tax Claimants shall remove any remaining balances pertaining to the Tax Claims from their delinquent tax rolls.

---

[2] All capitalized words shall have the meaning given to them in the Settlement Agreement.

6.    Upon the payment to San Bernardino County, California, of its claim as provided in Paragraph 4(e), above, Cohn, Khoury, Madoff & Whitesell, as escrow agent, shall release to the Estate the funds in a certain escrow account established pursuant to the Order Authorizing the Sale of Certain Assets to Exopack (Docket No. 641).

7.    Upon receipt of the Settlement Amount, the Trustee (on behalf of himself, the Debtors, the Debtors' estates, and the Sellers (collectively, the "Trustee Parties")) on behalf of themselves and on behalf of their respective predecessors, assigns, assignors, and successors, shall be deemed to have released and discharged Exopack of and from all debts, demands, actions, causes of action, suits, accounts, covenants, contracts, agreements, damages, and any and all claims, demands and liabilities whatsoever of every name and nature, both in law and in equity, which the Tax Claimants or Trustee Parties now have or ever had against Exopack except for Exopack's obligations under the Settlement Agreement.

8.    Upon the payment of the Tax Claims, the Tax Claimants shall be deemed to have released and discharged Exopack of and from all debts, demands, actions, causes of action, suits, accounts, covenants, contracts, agreements, damages, and any and all claims, demands and liabilities whatsoever of every name and nature, both in law and in equity, which the Tax Claimants now have or ever had against Exopack on the Tax Claims, any taxes assessed prior to the Closing Date and any other claims asserted in the State Court Tax Lawsuit and the Complaint.  Further, Pine Tree shall dismiss with prejudice the State Court Tax Lawsuit. Nothing herein shall release, discharge or affect any other claim that the Tax Claimants may have against Exopack.  All Parties hereto agree the release given herein is a limited release and discharge limited solely and exclusively to the Tax Claims, any taxes assessed prior to the Closing Date and any other claims asserted in the State Court Tax Lawsuit and the Complaint..

3

9.    Effective on the entry of this Order as a Final Order with all rights of appeal expired or waived, Exopack, on behalf of itself and its predecessors, assigns, assignors, and successors, shall be deemed to have released and forever discharged the Tax Claimants and the Trustee Parties of and from all debts, demands, actions, causes of action, suits, accounts, covenants, contracts, agreements, damages, and any and all claims, demands and liabilities whatsoever of every name and nature, both in law and in equity, which Exopack now has or ever had against the Trustee Parties, excluding the obligations of the Trustee Parties under the Settlement Agreement.

10.    Effective on the entry of the Final Order, Exopack shall be deemed to have released and discharged the Tax Claimants of and from all debts, demands, actions, causes of action, suits, accounts, covenants, contracts, agreements, damages, and any and all claims, demands and liabilities whatsoever of every name and nature, both in law and in equity, which Exopack now have or ever had against the Tax Claimants on the Tax Claims, any taxes assessed prior to the Closing Date and any other claims asserted in the State Court Tax Lawsuit and the Complaint. Nothing herein shall release, discharge or affect any other claim that Exopack may have against the Tax Claimants. All Parties hereto agree the release given herein is a limited release and discharge limited solely and exclusively to the Tax Claims, any taxes assessed prior to the Closing Date and any other claims asserted in the State Court Tax Lawsuit and the Complaint.

11.    The Enforcement Order (Docket No. 1055) is hereby vacated and Exopack shall forthwith dismiss its appeal of the Enforcement Order.

12.    The Trustee shall forthwith dismiss the Adversary Proceeding styled *William A. Brandt, Trustee of the Chapter 7 Estate of PL Liquidation Company, et al. v. Exopack-Ontario, Inc., et al.* (A.P. 05-30165 (KG)) with prejudice and without cost.

Dated: September _____, 2006
      Wilmington, Delaware

<br>

                                    _____

                                    Honorable Kevin Gross
                                    United States Bankruptcy Judge

## CERTIFICATE OF SERVICE

I, Daniel B. Butz, Esquire, certify that I am not less than 18 years of age, and that service of the foregoing **Trustee's Motion To Approve Settlement Agreement (Exopack)** was caused to made on August 18, 2006, in the manner indicated upon the entities identified below and those on the attached service list.

Date: August 18, 2006

_____
Daniel B. Butz (#4227)

### VIA HAND DELIVERY

John H. Knight, Esq.
Richards Layton & Finger, P.A.
One Rodney Square
Wilmington, DE 19801
*Counsel for Exopack-Ontario, Inc.*
*f/k/a Portsmouth Acquisition Co.*

Theodore J. Tacconelli, Esq.
Ferry Joseph & Pearce, PA
824 Market Street
Wilmington, DE 19801
*Counsel for San Bernardino County*

### VIA FIRST CLASS MAIL

William A. Wood, III, Esq.
Bracewell & Giuliani, LLP
711 Louisiana St., Suite 2300
Houston, TX 77002-2770
*Counsel for Exopack-Ontario, Inc.*
*f/k/a Portsmouth Acquisition Co.*

Michael Reed, Esq.
McCreary, Veselka, Bragg & Allen
5929 Balcones Drive, Suite 200
P.O. Box 26990
Austin, TX 78731-0990
*Counsel for Pine Tree Independent School*
*District*

H. Elizabeth Weller, Esq.
Linebarger Goggan Blair & Sampson LLP
2323 Bryan Street, #1600
Dallas, TX 75201
*Counsel for Gregg County, Dallas County, and*
*City of Longview*

Martha E. Romero, Esq.
Romero Law Firm
6516 Bright Avenue
Whitier, CA 90601
*Counsel for San Bernardino County*

Robert C. Hendrick, Esq.
Davidson County Attorney
P.O. Box 1067
Lexington, NC 27293
*Counsel for Davidson County Tax Department*

# SERVICE LIST

BY HAND DELIVERY:

Stuart M. Brown, Esq.
William R. Firth III, Esq.
Edwards & Angell, LLP
919 N. Market Street
Suite 1500
Wilmington, DE  19801

Joseph H. Huston, Jr., Esq.
Stevens & Lee, P.C.
1105 N. Market Street
Suite 700
Wilmington, DE  19801

Mark Kenney, Esq.
Office of the United States Trustee
844 N. King Street
Suite 2207
Wilmington, DE  19801

John H. Knight, Esq.
Richards Layton & Finger
One Rodney Square
Wilmington, DE  19801

Adam G. Landis, Esq.
Landis Rath & Cobb LLP
919 Market Street
Suite 600
Wilmington, DE  19801

John D. McLaughlin, Jr., Esq.
Young Conaway Stargattt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19801

Christopher S. Sontchi, Esq
Ashby & Geddes, P.A.
222 Delaware Avenue
17th Floor
Wilmington, DE  19801

Gregory A. Taylor, Esq.
Ashby & Geddes, P.A.
222 Delaware Avenue
17th Floor
Wilmington, DE  19801

John R. Weaver, Jr.
Farr, Burke, Gambacorta & Wright, P.C.
831 North Tatnall Street
Suite 200
P.O. Box 510
Wilmington, DE  19899

Laura Davis Jones
Ira D. Kharasch
Pachulski Stang Ziehl Young Jones
  & Weintraub LLP
919 North Market St
17th Floor
Wilmington, DE  19801

Robert M Saunders
Rachel Lowy Werkheiser
Pachulski Stang Ziehl Young Jones
  & Weintraub LLP
919 North Market St
17th Floor
Wilmington, DE  19801

BY FIRST CLASS MAIL:

Jules N. Berman, Q.C., Esq.
Minden Gross Grafstein & Greenstein LLP
1111 Richmond Street West
Suite 600
Toronto, Ontario  M5H 2H5
CANADA

Dino Fracassi
Bank of Nova Scotia
44 King Street West
Toronto, Ontario  M5H 1H1
CANADA

Steven G. Golick, Esq.
Osler Hoskin & Harcourt LLP
1 First Canadian Place
63rd Floor
Toronto, Ontario  M5X 1B8
CANADA

Alison R. Manzer, Esq.
Cassells Brock & Blackwell LLP
40 King Street West
Suite 2100
Toronto, Ontario  M5H 3C2
CANADA

Ian A. Ness, Esq.
Ogilvy Renault
P.O. Box 84
Royal Bank Plaza, South Tower
200 Bay Street, Suite 3800
Toronto, Ontario  M5J 2ZA
CANADA

Robert T. Aulgur, Jr., Esq.
Kristi J. Doughty, Esq.
313 N. Dupont Hwy., Ste. 110
P.O. Box 617
Odessa, DE  19730-1617

Steven M. Burke, Esq.
McLane, Graf, Raulerson & Middleton
900 Elm Street
P.O. Box 326
Manchester, NH  03105

Michael Reed
McCreary, Veselka, Bragg & Allen, PC
P.O. Box 26990
Austin, TX  78755

Secretary of State
Division of Corporations
Franchise Tax
P.O. Box 7040
Dover, DE  19903

Secretary of Treasury
P.O. Box 7040
Dover, DE  19903

Chrysler Financial
P.O. Box 225
Royal Oak, MI  48068

General Motors Acceptance Corporation
P.O. Box 5055
Troy, MI  48007-5055

John Cabell Acree, III, Esq.
Exopack LLC
3070 Southport Road
Spartanburg, SC  29302

William R. Baldiga, Esq.
Brown Rudnick Berlack Israels LLP
One Financial Center
Boston, MA  02111

Charles R. Bennett, Jr., Esq.
Hanify & King
One Beacon Street
Boston, MA  02108

Daniel C. Cohn, Esq.
Cohn Khoury Madoff & Whitesell LLP
101 Arch Street
Boston, MA  02110

David Crocker, Esq.
Early Lennon Crocker & Bartosiewicz PLC
900 Comerica Building
Kalamazoo, MI  49007-4752

Christopher Daniel
VP Special Assets Div.
Citizens Bank
Exchange Place
53 State Street/MBS 970
Boston, MA  02109

Joseph W. Davis, III
Peachtree Equity Partners (WCA, LLC)
1170 Peachtree Street
Suite 1610
Atlanta, GA  30309

L Benjamin Ederington, Esq.
Equistar Chemicals, LP
1221 McKinney
Suite 1600
Houston, TX  77010

Mark S. Finkelstein, Esq.
Shannon, Martin, Finkelstein
  & Sayre, P.C
2400 Two Houston Center
909 Fannin Street
Houston, TX  77010

Mark Fogel, Esq.
Edwards & Angell, LLP
101 Federal Street
Boston, MA  02110

Leland B. Goldberg, CTP Principal
NachmanHaysBrownstein, Inc.
44 Farnsworth Street
Boston, MA  02210

Jeffrey A. Golman
Mesirow Financial, Inc.
321 N. Clark Street
13th Floor
Chicago, IL  60610

J. Donald Hamilton
Equistar Chemicals, LP
1221 McKinney
Suite 1600
Houston, TX  77010

W. Ben Hawfield, Esq.
Moore & Van Allen PLLC
100 N. Tryon Street
Suite 4700
Charlotte, NC  28202

Michael P. Hernmsen
Massachusetts Mutual Life Ins. Co.
c/o David L. Babson & Company, Inc.
1500 Main Street
Suite 2800
Springfield, MA  01115

David J. Kessler, Esq.
Drinker Biddle & Reath LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA  19103

Randall L. Klein, Esq.
Goldberg, Kohn, Bell, Black, Rosenbloom
  & Moritz
55 E. Monroe Street
Suite 3700
Chicago, IL  60603

Francis J. Lawall, Esq.
Pepper Hamilton LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA  19103

Gary P. Lightman, Esq.
Lightman, Manochi & Christensen
1520 Locust Street
12th Floor
Philadelphia, PA  19102

Geoffrey A. Long, Esq.
Bracewell & Patterson LLP
711 Louisiana
Suite 2900
Houston, TX  77002

Kathleen Maxwell
The Dow Chemical Company
Legal Department
2030 Dow Center/Office 732
Midland, MI  48674

F. Matthew Petronzio
SunTrust Equity Funding, LLC
303 Peachtree Street, NE
4th Floor
Atlanta, GA  30308

Ian J. Platt, Esq.
Hale and Dorr LLP
60 State Street
Boston, MA  02109

Mark W. Powers, Esq.
Bowditch & Dewey, LLP
P.O. Box 15156
311 Main Street
Worcester, MA  01615-0156

Martha E. Romero
Romero Law Firm
6516 Bright Avenue
Whittier, CA  90601-4503

Christopher M. Schultz
ExxonMobil Chemical Company
13501 Katy Freeway
Houston, TX  77079

Mark S. Scott, Esq.
Riemer & Braunstein LLP
Three Center Plaza
Boston, MA  02108

Sergio I. Scuteri, Esq.
Farr, Burke, Gambacorta & Wright, P.C.
211 Benigno Boulevard
Suite 201
Bellmawr, NJ  08031

Joel I. Sher, Esq.
Shapiro Sher Guinot & Sandler
36 S. Charles Street
20th Floor
Baltimore, MD  21201

John R. Skelton
Bingham McCutchen LLP
150 Federal Street
Boston, MA  02110

George Spagnoli
Ampacet Corp.
660 White Plains Road
Terry Town, NY  10591

Robert F. Troisio
BTB Associates, LLC
#2 Pettinaro Drive
Millville, DE  19970

James B. Upchurch
President & Chief Executive Officer
Caltius Capital Management
11766 Wilshire Boulevard
Suite 850
Los Angeles, CA  90025

Peter Vandenberg, Jr.
Trivest Partners, L.P.
2665 South Bayshore Dr.
Suite 800
Miami, FL  33133

Jeffrey H. Verbin, Esq.
Greenberg Traurig, LLP
2375 East Camelback Rd.
Suite 700
Phoenix, AZ  85016

Elizabeth Weller
Linebarger Goggan Blair & Sampson, LLP
2323 Bryan Street
Suite 1600
Dallas, TX  75201

Don E. Williams, Esq.
P.O. Box 3009
222 N. Fredonia Street
Longview, TX  75606-3009

Securities & Exchange Commission
Atlanta Regional Office
Branch/Reorganization
3475 Lenox Rd., NE, Ste. 100
Atlanta, GA  30326-1232

Internal Revenue Service
Insolvency
31 Hopkins Plaza
Room 1150
Baltimore, MD  21201

Heller Financial, Inc.
Attn: Plassein Account Mgr.
500 West Monroe Street
17th Floor
Chicago, IL  60661

Securities & Exchange Commission
15th and Pennsylvania Ave., NW
Washington, DC  20020

## Multi Case Docketing :

### 03-11489-KG Plassein International Corp. and William Brandt, as Chapter 7 Trustee of PL Liquida

Type: bk                   Chapter: 7 v              Office: 1 (Delaware)
Judge: KG                  Assets: y                 Case Flag: LEAD,
                                                     CONVERTED, APPEAL,
                                                     CLMSAGNT

### 05-30165-KG William A. Brandt, Trustee Of The Chapter 7 Estate v. Exopack-Ontario, Inc. f/k/a Portsmouth Acquisition

Type: ap                   Office: 1 (Delaware)          Lead Case: 03-11489-KG
Judge: KG

### U.S. Bankruptcy Court

### District of Delaware

**Notice of Electronic Filing**

The following transaction was received from Butz, Daniel B. entered on 8/18/2006 at 3:45 PM EDT and filed on 8/18/2006

| | |
|---|---|
| **Case Name:** | Plassein International Corp. and William Brandt, as Chapter 7 Trustee of PL Liquida |
| **Case Number:** | 03-11489-KG |
| **Document Number:** | 1533 |
| **Case Name:** | William A. Brandt, Trustee Of The Chapter 7 Estate v. Exopack-Ontario, Inc. f/k/a Portsmouth Acquisition |
| **Case Number:** | 05-30165-KG |
| **Document Number:** | 20 |

**Docket Text:**
Motion to Approve Settlement *Agreement with Exopack* Filed by William A. Brandt, Trustee Of The Chapter 7 Estate Of PL Liquidation Corp., et al. Hearing scheduled for 9/13/2006 at 02:00 PM at US District Court, 844 King St., Courtroom #2B, Wilmington, Delaware. Objections due by 9/6/2006... (Butz, Daniel)

The following document(s) are associated with this transaction:

Document description:Main Document
Original filename:X:\e-filings\53292 Plassein (Liquidation)\081806 Exopack 9019 Mtn.pdf
Electronic document Stamp:
[STAMP bkecfStamp_ID=983460418 [Date=8/18/2006] [FileNumber=5134020-0]
[23a4f1f5304c8202b7370cf5495edbe389516c482589e8b8a17455d779cf091a1da3
015984caa0e04d23d316f37cc0f22779b5e0556d0ca42be6391a595530fc]]
Document description:Notice

Internal CM/ECF Live Database

Original filename:X:\e-filings\53292 Plassein (Liquidation)\081806 Exopack 9019 Mtn--NOM.pdf
Electronic document Stamp:
[STAMP bkecfStamp_ID=983460418 [Date=8/18/2006] [FileNumber=5134020-1]
[3726cd6491a1581845c367ebc8aa51c2223e7b08e5e99d943ec5b0dfdfaa5e85bc2c
5d6278095b6b15328d5d5949e2c78d11b0245266809a499e44b9c9bdfe8c]]
Document description:Exhibit A
Original filename:X:\e-filings\53292 Plassein (Liquidation)\081806 Exopack 9019 Mtn--Exh A.pdf
Electronic document Stamp:
[STAMP bkecfStamp_ID=983460418 [Date=8/18/2006] [FileNumber=5134020-2]
[6afb064b22aa4a1347818859dc28d91f15b953f49536b337f3ad7c70092f9a7cb7ac
eb52f8d80fe5de249adf65066ebaf98a702a148b9ef9484d6c9e66b278a4]]
Document description:Proposed Form of Order
Original filename:X:\e-filings\53292 Plassein (Liquidation)\081806 Exopack 9019 Mtn--Order.pdf
Electronic document Stamp:
[STAMP bkecfStamp_ID=983460418 [Date=8/18/2006] [FileNumber=5134020-3]
[2bcb2dd896d3b9c187b0d7d8ffc24f92b4f15712deae0fed1747b2b6a4013c08e34c
841327abb1739d58d576f2713b66d29d6951b18664a89428782aac662801]]
Document description:Certificate of Service
Original filename:X:\e-filings\53292 Plassein (Liquidation)\081806 Exopack 9019 Mtn--COS.pdf
Electronic document Stamp:
[STAMP bkecfStamp_ID=983460418 [Date=8/18/2006] [FileNumber=5134020-4]
[64f3f6053f03f54d49dab25693e58d99508f40fb9112987a141bed5751174010aa4b
0ba74d033acac52c8217b308abbe34a0e1d3d8adb3840869477d3b6de370]]
Document description:Service List
Original filename:X:\e-filings\53292 Plassein (Liquidation)\081806 Exopack 9019 Mtn--2002 Serv
List.pdf
Electronic document Stamp:
[STAMP bkecfStamp_ID=983460418 [Date=8/18/2006] [FileNumber=5134020-5]
[7afc209f6e399a8dd1ef067df1eb1616c09e88482b9b30542f3c812273e91b999881
fb8d02ef838d72e4bffc0232b2ab85457b7e64e7a07a422af624256b1854]]
Document description:Main Document
Original filename:X:\e-filings\53292 Plassein (Liquidation)\081806 Exopack 9019 Mtn.pdf
Electronic document Stamp:
[STAMP bkecfStamp_ID=983460418 [Date=8/18/2006] [FileNumber=5134023-0]
[4b9af119889e56bde2891eae4c6cd61ba2306eeaadd76b11e20fb395140a70812df0
cc724bfaadf9a341ea3bf7d6229b7643a5863fa4ab4ecb893c3b1ae4d977]]
Document description:Notice
Original filename:X:\e-filings\53292 Plassein (Liquidation)\081806 Exopack 9019 Mtn--NOM.pdf
Electronic document Stamp:
[STAMP bkecfStamp_ID=983460418 [Date=8/18/2006] [FileNumber=5134023-1]
[0303557e585dab5f89fb6954fc42f6a35821d84c59247402f19eb174d20182467ce8
a6ca45cc1c218f486478019532ada569fd24b39055cd9ab51c762ca655a5]]
Document description:Exhibit A
Original filename:X:\e-filings\53292 Plassein (Liquidation)\081806 Exopack 9019 Mtn--Exh A.pdf
Electronic document Stamp:
[STAMP bkecfStamp_ID=983460418 [Date=8/18/2006] [FileNumber=5134023-2]
[7c9487bcb4f16d75b0aba5779180145ad2f05e460e0cf9d794fd446e1d73debaed6a
7907c7ddca95a52aa0b6ac5bcf7e890acd5ee911edd10d4967db6e6d60da]]
Document description:Proposed Form of Order
Original filename:X:\e-filings\53292 Plassein (Liquidation)\081806 Exopack 9019 Mtn--Order.pdf
Electronic document Stamp:

[STAMP bkecfStamp_ID=983460418 [Date=8/18/2006] [FileNumber=5134023-3]
[5a2eda7c995cc259578a8c210c55f821cba50a890e23ee64b7fccdab52c23191d783
5c73c07f79172157d8369121772b4a227c967a6d2c6ad09bd1fe84a1618d]]
Document description:Certificate of Service
Original filename:X:\e-filings\53292 Plassein (Liquidation)\081806 Exopack 9019 Mtn--COS.pdf
Electronic document Stamp:
[STAMP bkecfStamp_ID=983460418 [Date=8/18/2006] [FileNumber=5134023-4]
[614271126ad06b85949e5d714c36f1826b9bac928a1c4da106fe3ead7578f6935c02
53ce8e63218fd87276742dca21b1a610294c9b9fbecd7f4c44e3ebcf29e7]]
Document description:Service List
Original filename:X:\e-filings\53292 Plassein (Liquidation)\081806 Exopack 9019 Mtn--2002 Serv
List.pdf
Electronic document Stamp:
[STAMP bkecfStamp_ID=983460418 [Date=8/18/2006] [FileNumber=5134023-5]
[1d62f595a4bdfbffeab8ff769bee1cdd132b0899f8875e460e9dc724709470deaca0
60001c9b4d6b69f388409b00e84f3af2e3949cb7fc33a0d80207ff6a8cea]]

03-11489-KG Notice will be electronically mailed to:

Roger D Anderson    randerson@skfdelaware.com

Mary E. Augustine    bankserve@bayardfirm.com, maugustine@bayardfirm.com

William R. Baldiga    wbaldiga@brbilaw.com, shaundp@brbilaw.com

Richard D. Becker    rick.becker@delanet.com

Rebecca Beste    bankruptcy@potteranderson.com

Karen C Bifferato    kcb@cblhlaw.com

Charles J. Brown    cbrown@harvpenn.com

Charles J. Brown    cbrown@harvpenn.com

Stuart M. Brown    sbrown@eapdlaw.com, DEbankruptcy@eapdlaw.com

Kathryn B. Bussing    kbussing@blackwellsanders.com

Mary Caloway    mcaloway@klettrooney.com

James C. Carignan    carignaj@pepperlaw.com, wlbank@pepperlaw.com

Marc Stephen Casarino    casarinom@whiteandwilliams.com,
debankruptcy@whiteandwilliams.com

Kristine Christensen    kchristensen@lightmanlaw.com,

Jason A. Cincilla    jcincilla@mnat.com,

Kevin Lee Colosimo    kcolosimo@hh-law.com

L. Jason Cornell    jcornell@frof.com, jcornell@frof.com

Richard H. Cross    rcross@crosslaw.com

Donna L. Culver    dculver@mnat.com,

Donna L. Culver    dculver@mnat.com,

Donna L. Culver    dculver@mnat.com

Alicia Beth Davis    adavis@mnat.com, rfusco@mnat.com

Alicia Beth Davis    akelly@mnat.com, rfusco@mnat.com

Eric M. Davis
debank@skadden.com;cheaney@skadden.com;vskinner@skadden.com;lamorton@skadden.com

Claire M. DeMatteis    cdematteis@stradley.com,

John D. Demmy    jdd@stevenslee.com

Kristi J. Doughty    bk.service@aulgur.com, aulgurbkservice@comcast.net

Amy Elizabeth Evans    aevans@crosslaw.com

Brian Edward Farnan    tlb@pgslaw.com

Todd A. Feinsmith    cennis@brbilaw.com;nmellady@brbilaw.com

William R. Firth    wfirth@edwardsangell.com

Ronald S. Gellert    delawarebankruptcy@escm.com

Bruce Grohsgal    bgrohsgal@pszyj.com, efile@pszyj.com

Kurt F. Gwynne    kgwynne@reedsmith.com, llankford@reedsmith.com

Donna L. Harris    dharris@crosslaw.com, RFusco@MNAT.com

Donna L. Harris    dharris@crosslaw.com

Paul Noble Heath    heath@rlf.com, Jerominski@rlf.com;RBGroup@rlf.com

Thomas M. Horan    thoran@morrisjames.com

Peter C. Hughes    phughes@dilworthlaw.com,

Joseph H. Huston Jr.    jhh@stevenslee.com,

Regina A. Iorii    riorii@ashby-geddes.com

Internal CM/ECF Live Database

Henry Jon Jaffe    dewerthh@pepperlaw.com,

Brya M. Keilson    delawarebankruptcy@escm.com,

Anne Marie P. Kelley    akelley@dilworthlaw.com

John Henry Knight    knight@rlf.com, RBGroup@RLF.com;Lugano@rlf.com

Carl N. Kunz, III    ckunz@morrisjames.com

Adam G. Landis    landis@lrclaw.com

Michael R. Lastowski    mlastowski@duanemorris.com, vlakin@duanemorris.com

Jane M. Leamy    debank@skadden.com;clano@skadden.com

George T. Lees, III    glees@rawle.com,

Gary P. Lightman    garyplightman@lightmanlaw.com,

Thomas G. Macauley    bankr@zuckerman.com,

Kevin J Mangan    kmangan@monlaw.com

Laura V. McGeoch    lmcgeoch@mnat.com,

Timothy M. McLean    mclean@ccwmlaw.com,

Dennis A. Meloro    bankruptcydel@gtlaw.com, thomase@gtlaw.com

Michael Joseph Merchant    merchant@rlf.com, rbgroup@rlf.com

Stephen M. Miller    smiller@morrisjames.com

Mark Minuti    mminuti@saul.com, rwarren@saul.com

Kerri K Mumford    mumford@lrclaw.com, girello@lrclaw.com

Mark Daniel Olivere    molivere@eapdlaw.com

Ricardo Palacio    rpalacio@ashby-geddes.com

Marc J. Phillips    mphillips@cblh.com

Elizabeth D. Power    bankr@zuckerman.com,

Michael Reed    sragsdale@mvbalaw.com

Robert Owen Resnick    rresnick@pbl.com,

Mitchell S. Rosen    mrosen@rosenlawgroup.com, lmurrah@rosenlawgroup.com

Jeremy W. Ryan    jryan@saul.com, saulbankruptcy@saul.com

Jeffrey M. Schlerf    bankserve@bayardfirm.com, jschlerf@bayardfirm.com

Eric D. Schwartz    eschwartz@mnat.com

Jennifer Lee Scoliard    jscoliard@klehr.com

Sergio I. Scuteri    sis.efn@farrlawnet.com

Julie M. Sebring    jsebring@rawle.com

Laurie Selber Silverstein    bankruptcy@potteranderson.com

Kevin J. Simard    ksimard@riemerlaw.com,

Christopher Page Simon    csimon@crosslaw.com

Adam Singer    asinger@ctlaw.org

Robert J. Stearn Jr.    stearn@rlf.com, rbgroup@rlf.com

Ashley B. Stitzer    bankserve@bayardfirm.com, astitzer@bayardfirm.com

David B. Stratton    strattond@pepperlaw.com, wlbank@pepperlaw.com

Theodore J. Tacconelli    ttacconelli@ferryjoseph.com

Gregory Alan Taylor    gtaylor@ashby-geddes.com

United States Trustee    USTPREGION03.WL.ECF@USDOJ.GOV

Christian Joseph Urbano    cju@hanify.com

Christopher A. Ward    bankserve@bayardfirm.com, cward@bayardfirm.com

Jeffrey Philip Wasserman    bankruptcy@crwdelaw.com

John R. Weaver    jweaver@fcc.net

Helen Elizabeth Weller    dallas.bankruptcy@publicans.com

Thomas G. Whalen Jr.    tgw@stevenslee.com

David E. Wilks    wilksde@bipc.com, gamielhn@bipc.com

Jeffrey C. Wisler    jwisler@cblh.com

Etta Rena Wolfe    erw@skfdelaware.com

James S. Yoder    yoderj@whiteandwilliams.com, debankruptcy@whiteandwilliams.com

Rafael Xavier Zahralddin-Aravena    rxza@morrisjames.com, wweller@morrisjames.com

03-11489-KG Notice will not be electronically mailed to:

Kristine Christensen
Lightman, Manochi & Christensen
1520 Locust Street
12th Floor
Philadelphia, PA 19102

Charles R. Bennett
Hanfiy & King, P.C.
1 Beacon Street
Boston, MA

William J. Burnett
Blank Rome LLP
1201 Market Street
Suite 800
Wilmington, DE 19801

Daniel B. Butz
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
Wilmington, DE 19899
dbutz@mnat.com, aconway@mnat.com;thomas.walper@mto.com

Marc T. Foster
,

Donna Harris
Cross & Simon, LLC
11th Floor
Wilmington, De 19801

David J Kessler
,

Jeffrey A Kitaeff
565 Turnpike Street, Ste 65
N. Andover, MA 01845

Daniel M Litt
Dickstein Shapiro Morin & Oshinsky LLP
2101 L Street, N.W.
Washington, DC 20037-1526

Livia Properties II, LLC

,

**Christopher Dean Loizides**
**Loizides & Associates**
**1225 King Street**
**Suite 800**
**Wilmington, DE 19801**
**ecf.admin@loizides.com**

**James B. McMillan**
**Lambeth, McMillan and Weldon**
**PO Box 130**
**38 Trade Street**
**Thomasville, NC 27361-0130**

**Selinda A. Melnik**
**Edwards Angell Palmer & Dodge LLP**
**919 N. Market Street, 15th Floor**
**Wilmington, DE 19801**
**samelnik@aol.com**

**Isaac Nutovic**
**Nutovic & Associates**
**488 Madison Avenue**
**New York, NY 10022**

**James E. O'Neill**
**Pachulski Stang Ziehl Young Jones & Wein**
**919 North Market Street**
**16th Floor**
**PO Box 8705**
**Wilmington, DE 19899-8705**

**ORIX FINANCIAL SERVICES, INC.**
,

**W. Russell Patterson**
**Ragsdale,Beals,Hooper & Siegler,LLP**
**2400 International Tower**
**Peachtree Center**
**229 Peachtree Street NE**
**Atlanta, GA 30303-1629**

**Scott R. Pennock**
**The Dow Chemical Company**
**2030 Dow Center**
**Midland, MI 48674**

**Ian J. Platt**
**Hale and Dorr LLP**
**60 State Street**

Boston, MA 02109

Michael Reed
McCreary, Vesaelka, Bragg & Allen, P>C.
P.O. Box 26990
Austin, TX 78755

Wendy R. Reiss
Alston & Bird
1201 West Peachtree St.
Atlanta, GA 30309

Mark J. Romeo
Mark J. Romeo
130 Sutter Street
7th Floor
San Francisco, CA 94104

Frederick B. Rosner
Jaspan Schlesinger Hoffman
913 North Market Street
12 Floor
Wilmington, DE 19801
fbrosner@duanemorris.com

Joel I. Sher
,

Christina Maycen Thompson
Morris James Hitchens & Williams LLP
222 Delaware Avenue
10th Floor
Wilmington, DE 19801

Stephanie P Union
Kegler Brown Hill & Ritter
65 East State Street
Suite 1800
Columbus, OH 43215

Jeffrey R. Waxman
Cozen O'Connor
1201 N. Market Street, Suite 1400
Wilmington, DE 19801
jwaxman@cozen.com

Elizabeth Weller
,

William A. Brandt, Jr., Chapter 7 Trustee
,

William A. Brandt, Jr., as Chapter 7 Trustee of Pl Liquidation Corp. and Its Affiliated Debtors
Morris, Nichols, Archt & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

Don E. Williams
,

**05-30165-KG Notice will be electronically mailed to:**

Alicia Beth Davis     akelly@mnat.com, rfusco@mnat.com

Paul Noble Heath     heath@rlf.com, Jerominski@rlf.com;RBGroup@rlf.com

John Henry Knight     knight@rlf.com, RBGroup@RLF.com;Lugano@rlf.com

Michael Reed     sragsdale@mvbalaw.com

Eric D. Schwartz     eschwartz@mnat.com

Theodore J. Tacconelli     ttacconelli@ferryjoseph.com

Helen Elizabeth Weller     dallas.bankruptcy@publicans.com

**05-30165-KG Notice will not be electronically mailed to:**

Charles R. Bennett
Hanfiy & King, P.C.
1 Beacon Street
Boston, MA 02108