## EXHIBIT A

Case 1:04-cv-01433-JJF   Document 18-3   Filed 10/26/2006   Page 1 of 6

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PLASSEIN INTERNATIONAL CORP., *et al.*,<br><br>　　　　　　Debtors. | Chapter 7<br><br>Case No. 03-11489 (KG)<br><br>(Jointly Administered) |
| WILLIAM A. BRANDT, as the Chapter 7 Trustee,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>EXOPACK-ONTARIO, INC., f/k/a PORTSMOUTH ACQUISITION CO., PINE TREE INDEPENDENT SCHOOL DISTRICT, GREGG COUNTY, DAVIDSON COUNTY TAX DEPARTMENT, DALLAS COUNTY, and SAN BERNARDINO COUNTY,<br><br>　　　　　　Defendants. | Adv. Proc. No. 05-30165 (KG)<br><br>Re: D.I. 1533 |

**ORDER ON TRUSTEE'S MOTION TO APPROVE**
**SETTLEMENT AGREEMENT (EXOPACK)**

This matter having come before the Court upon the motion by William A. Brandt, as he is the acting Trustee (the "Trustee") of the Chapter 7 Estates of Plassein International Corp. and its wholly owned domestic subsidiaries, for authority to enter into a certain Settlement Agreement by and among the Trustee, Pine Tree Independent School District, City of Longview, Texas, Gregg County, Texas, Davidson County, North Carolina, Dallas County, Texas, San Bernardino County, California (collectively the "Tax Claimants") and Exopack-Ontario, Inc., f/k/a Portsmouth Acquisition Co. ("Exopack"), due notice having been given and after notice and hearing, it is hereby ORDERED, ADJUDGED and DECREED that:

Date: 9-11-06
Docket No. 23

1. The Settlement Agreement[2] is in the best interests of the Estates and is fair and equitable, having taken into consideration the probability of the Trustee's success in the litigation, the complexity of the litigation and the expense, inconvenience and delays which would be attendant to litigating the claims against Exopack, and considering the business judgment of the Trustee.

2. Accordingly, the Trustee is hereby authorized to proceed to consummate the Settlement Agreement with Exopack, including the execution of all documents and escrow of all funds necessary to effectuate same.

3. Exopack shall forthwith pay to the Trustee the sum of $475,000 (the "Settlement Amount").

4. Upon receipt of the Settlement Amount and in full and complete satisfaction of the Tax Claims (as defined in the Settlement Agreement), the Trustee shall forthwith pay to the Tax Claimants as follows:

   (a) Pine Tree Independent School District, Texas ................$198,992.05

   (b) Gregg County, Texas ................$87,611.64

   (c) Dallas County, Texas ................$17,914.00

   (d) Davidson County, North Carolina ................$88,286.95

   (e) San Bernardino County, California ................$93,757.87

5. Furthermore, upon receipt and application of these payments, all of the Tax Claimants shall remove any remaining balances pertaining to the Tax Claims from their delinquent tax rolls.

---

[2] All capitalized words shall have the meaning given to them in the Settlement Agreement.

2

6. Upon the payment to San Bernardino County, California, of its claim as provided in Paragraph 4(e), above, Cohn, Khoury, Madoff & Whitesell, as escrow agent, shall release to the Estate the funds in a certain escrow account established pursuant to the Order Authorizing the Sale of Certain Assets to Exopack (Docket No. 641).

7. Upon receipt of the Settlement Amount, the Trustee (on behalf of himself, the Debtors, the Debtors' estates, and the Sellers (collectively, the "Trustee Parties")) on behalf of themselves and on behalf of their respective predecessors, assigns, assignors, and successors, shall be deemed to have released and discharged Exopack of and from all debts, demands, actions, causes of action, suits, accounts, covenants, contracts, agreements, damages, and any and all claims, demands and liabilities whatsoever of every name and nature, both in law and in equity, which the Tax Claimants or Trustee Parties now have or ever had against Exopack except for Exopack's obligations under the Settlement Agreement.

8. Upon the payment of the Tax Claims, the Tax Claimants shall be deemed to have released and discharged Exopack of and from all debts, demands, actions, causes of action, suits, accounts, covenants, contracts, agreements, damages, and any and all claims, demands and liabilities whatsoever of every name and nature, both in law and in equity, which the Tax Claimants now have or ever had against Exopack on the Tax Claims, any taxes assessed prior to the Closing Date and any other claims asserted in the State Court Tax Lawsuit and the Complaint. Further, Pine Tree shall dismiss with prejudice the State Court Tax Lawsuit. Nothing herein shall release, discharge or affect any other claim that the Tax Claimants may have against Exopack. All Parties hereto agree the release given herein is a limited release and discharge limited solely and exclusively to the Tax Claims, any taxes assessed prior to the Closing Date and any other claims asserted in the State Court Tax Lawsuit and the Complaint.

9. Effective on the entry of this Order as a Final Order with all rights of appeal expired or waived, Exopack, on behalf of itself and its predecessors, assigns, assignors, and successors, shall be deemed to have released and forever discharged the Tax Claimants and the Trustee Parties of and from all debts, demands, actions, causes of action, suits, accounts, covenants, contracts, agreements, damages, and any and all claims, demands and liabilities whatsoever of every name and nature, both in law and in equity, which Exopack now has or ever had against the Trustee Parties, excluding the obligations of the Trustee Parties under the Settlement Agreement.

10. Effective on the entry of the Final Order, Exopack shall be deemed to have released and discharged the Tax Claimants of and from all debts, demands, actions, causes of action, suits, accounts, covenants, contracts, agreements, damages, and any and all claims, demands and liabilities whatsoever of every name and nature, both in law and in equity, which Exopack now have or ever had against the Tax Claimants on the Tax Claims, any taxes assessed prior to the Closing Date and any other claims asserted in the State Court Tax Lawsuit and the Complaint. Nothing herein shall release, discharge or affect any other claim that Exopack may have against the Tax Claimants. All Parties hereto agree the release given herein is a limited release and discharge limited solely and exclusively to the Tax Claims, any taxes assessed prior to the Closing Date and any other claims asserted in the State Court Tax Lawsuit and the Complaint.

11. The Enforcement Order (Docket No. 1055) is hereby vacated and Exopack shall forthwith dismiss its appeal of the Enforcement Order.

12. The Trustee shall forthwith dismiss the Adversary Proceeding styled *William A Brandt, Trustee of the Chapter 7 Estate of PL Liquidation Company, et al. v. Exopack-Ontario, Inc., et al.* (A.P. 05-30165 (KG)) with prejudice and without cost.

Dated: September 11, 2006
Wilmington, Delaware

*[signature]*
Honorable Kevin Gross
United States Bankruptcy Judge

5